Ian A. Rambarran, Bar No. 227366
irambarran@klinedinstlaw.com
Bryan R Delgado, Bar No. 330008
BDelgando@klinedinstlaw.com
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544

Attorneys for FLIXBUS INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DARTANIAN ROSS, | Case No. |
| Plaintiff, | **DEFENDANT FLIXBUS INC.'S NOTICE OF REMOVAL OF ACTION** |
| v. | |
| FLIXBUS INC.; JEFF, LAST NAME UNKOWN; AND DOES 1-20, | [LA Superior Court Case No. 23STCV06352] |
| Defendants. | |

PLEASE TAKE NOTICE that Defendant FLIXBUS INC. hereby removes to this Court the state court action described below.

1.      On February 22, 2023, an action was commenced in the Superior Court of the State of California in the County of Los Angeles, entitled *Dartanian Ross v. FlixBus Inc., et al.*, as Case Number 23STCV06352.   A copy of the complaint is attached hereto as Exhibit 1.

2.      On or around April 4, 2023, FlixBus Inc. was served with the Complaint in this matter. A copy of the proof of service is attached hereto as Exhibit 2.

3.      On May 1, 2023, Defendant FlixBus Inc. filed an Answer to Plaintiff's Complaint. A copy of the Answer to the Complaint together with a Proof of Service is attached hereto as Exhibit 3

/ / /

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

4.    This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy as alleged by Plaintiff exceeds the sum of $75,000, exclusive of interest and costs.

5.    <u>Removal is Timely</u>. Plaintiff served Defendant FlixBus Inc. on April 4, 2023. Defendant FlixBus Inc. had until May 4, 2023, to remove, thus the removal is timely.

6.    <u>The amount in controversy exceeds the $75,000.00 requirement.</u> The amount in controversy is in excess of $75,000.00 Plaintiff's Complaint states that "Plaintiff seeks $150,000.00 in damages. A copy of the complaint is attached hereto as Exhibit 1.

7.    <u>There is Complete Diversity.</u> Complete diversity of citizenship exists. Plaintiff is a citizen of the State of California. There is no indication that Plaintiff resides anywhere other than the State of California. Therefore, Plaintiff is a citizen of California, and has been since this incident purportedly occurred, including at the time of filing this action. Defendant FlixBus, Inc. was and is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Texas. Based on the inability of Plaintiff to plead with specificity, it is unknown the identify let alone the residency for diversity purposes of Defendant "JEFF LAST NAME UNKNOWN." Where an individual defendant is not described sufficiently with "a last name or any other identifying details," that individual defendant's citizenship is disregarded for diversity purposes. *Johnson v. Walmart, Inc.,* No. 221CV08662ODWGJSX, 2022 WL 2355185, at *2 (C.D. Cal. June 30, 2022). Accordingly, complete diversity of citizenship exists.

8.    <u>Venue is appropriate</u>. Venue is appropriate before this Court pursuant to 28 U.S.C. § 1446(a) in that the removed action was filed in the Superior Court, State of California, County of Los Angeles.

DEFENDANT FLIXBUS INC.'S NOTICE OF REMOVAL OF ACTION

9.      As required by 28 U.S.C. § 1446(d), Defendant will provide notice of the filing of this notice to Plaintiff and to the clerk of the Superior Court for the County of Los Angeles, where the action is currently pending.

10.      Defendant, therefore, respectfully requests that this matter be removed to, and proceed hereinafter, in this Court, and that no further proceedings in this matter take place in the Superior Court for Los Angeles County.

KLINEDINST PC

DATED:  May 2, 2023                By:   _____/s/ Ian A. Rambarran_____
                                        Ian A. Rambarran
                                        Bryan R Delgado
                                        Attorneys for FLIXBUS INC.

NTC- REMOVAL (Federal Court) 4831-8002(22552779.1)

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/22/2023 05:27 PM David W. Slayton, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
23STCV06352

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jill Feeney

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Charles U. Odiase.,Esq   SBN212671<br>**ODIASE LAW GROUP**<br>333 S. Grand Avenue, Suite 3310<br>Los Angeles, CA 90071<br><br>TELEPHONE NO: (213) 925 9762   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* Odiaselaw@gmail.com<br>ATTORNEY FOR *(Name):* Dartanian Ross | **FOR COURT USE ONLY** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles<br>BRANCH NAME: Civic Center |
| PLAINTIFF: Dartanian Ross |
| DEFENDANT: FLIXBUS INC; JEFF an individual Last name unknown |
| **X** DOES 1 TO 20 |

| | |
|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>☐ **AMENDED** *(Number):*<br>Type *(check all that apply):*<br>**X** **MOTOR VEHICLE**   ☐ **OTHER** *(specify):*<br>☐ **Property Damage** ☐ **Wrongful Death**<br>**X** **Personal Injury** ☐ **Other Damages** *(specify):* | **CASE NUMBER:** |
| **Jurisdiction** *(check all that apply):*<br>☐ **ACTION IS A LIMITED CIVIL CASE**<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>**X** **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>☐ **ACTION IS RECLASSIFIED by this amended complaint**<br>☐ from limited to unlimited<br>☐ from unlimited to limited | 23STCV06352 |

1. **Plaintiff** *(name or names):* Dartanian Ross

   alleges causes of action against **defendant** *(name or names):*

   Flixbus Inc and Jeff last name unknown

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult

   a. ☐ **except plaintiff** *(name):*

      (1) ☐ a corporation qualified to do business in California

      (2) ☐ an unincorporated entity *(describe):*

      (3) ☐ a public entity *(describe):*

      (4) ☐ a minor ☐ an adult

         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

         (b) ☐ other *(specify):*

      (5) ☐ other *(specify):*

   b. ☐ **except plaintiff** *(name):*

      (1) ☐ a corporation qualified to do business in California

      (2) ☐ an unincorporated entity *(describe):*

      (3) ☐ a public entity *(describe):*

      (4) ☐ a minor ☐ an adult

         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

         (b) ☐ other *(specify):*

      (5) ☐ other *(specify):*

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☒ except defendant *(name):* Flixbus Inc

      (1) ☒ a business organization, form unknown

      (2) ☐ a corporation

      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ except defendant *(name):*

      (1) ☐ a business organization, form unknown

      (2) ☐ a corporation

      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*

      (1) ☐ a business organization, form unknown

      (2) ☐ a corporation

      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*

      (1) ☐ a business organization, form unknown

      (2) ☐ a corporation

      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☒ Doe defendants *(specify Doe numbers):* 1-20       were the agents or employees of other
   named defendants and acted within the scope of that agency or employment.

   b. ☐ Doe defendants *(specify Doe numbers):*       are persons whose capacities are unknown to
   plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

   a. ☐ at least one defendant now resides in its jurisdictional area.

   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.

   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and

   a. ☐ has complied with applicable claims statutes, or

   b. ☒ is excused from complying because *(specify):*
   This is a Personal Injury Case.

---

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☒ Intentional Tort

d. ☐ Products Liability

e. ☐ Premises Liability

f. ☐ Other *(specify):*

11. Plaintiff has suffered

a. ☒ wage loss

b. ☐ loss of use of property

c. ☒ hospital and medical expenses

d. ☒ general damage

e. ☐ property damage

f. ☐ loss of earning capacity

g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.

b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

Plaintiff seeks $150,000.00 in damages

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages

(2) ☐ punitive damages

The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

(1) ☐ according to proof

(2) ☒ in the amount of: $ 150,000.00

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: January 23, 2023

CHARLES V. OSIASE

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]     **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**     Page 3 of 3

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]     [ Clear this form ]

PLD-PI-001(2)

| SHORT TITLE:<br>ROSS V FLIXBUS INC | CASE NUMBER: |
|---|---|

1 _____   **CAUSE OF ACTION—General Negligence**   Page   4 _____

(number)

ATTACHMENT TO   [ x ] Complaint        [   ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  DARTANIAN ROSS

alleges that defendant *(name):* FLIX BUS INC, JEFF LAST NAME UNKNOWN

[ x ]  Does     1 _____     to   20 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff

on *(date):* June 16, 2022

at *(place):* Downtown Los Angeles

*(description of reasons for liability):*

Defendant's driver named Jeff with telephone number (702) 321 5595 while driving a Flixbus with Nevada License Plate
77755 A through his negligence while operating the Flixbus in a reckless manner caused the bus to crash causing Plaintiff,
a passenger to suffer injuries to his neck shoulders, upper arm, back and waist.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.        [ Print this form ]   [ Save this form ]        [ Clear this form ]

PLD-PI-001(3)

| SHORT TITLE:<br>Ross v Flixbus Inc | CASE NUMBER |
|---|---|

2 _____      **CAUSE OF ACTION—Intentional Tort**      Page 5 _____
  (number)

ATTACHMENT TO    ☐ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Dartanian Ross

    alleges that defendant *(name):* Flixbus Inc, Jeff, last name unknown

     ☒ Does 1 _____ to 20 _____

    was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff

    on *(date):* June 16, 2022

    at *(place):* Downtown Los Angeles

    *(description of reasons for liability):*

    Plaintiff was a passenger in Defendant Flix bus Inc's bus. Defendant's driver named Jeff with telephone number (702) 321
5595 operated the bus in a reckless manner causing the bus to crash. As a result of the crash, Plaintiff suffered injuries.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12<br>www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    | Print this form |   | Save this form |    | Clear this form |

# EXHIBIT 2

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Charles U. Odiase Esq. SBN 212671<br>ODAISE LAW GROUP<br>333 S. Grand Ave. Ste. 3310<br>Los Angeles, CA. 90071<br>TELEPHONE NO.: (213) 925-9762　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional)*: Odaiselaw@gmail.com<br>ATTORNEY FOR *(Name):* Dartanian Ross | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:　111 N. Hill Street
MAILING ADDRESS:　Same as above
CITY AND ZIP CODE:　Los Angeles, Ca. 90012
BRANCH NAME:　Stanley Mosk

| | |
|---|---|
| PLAINTIFF/PETITIONER: Dartanian Ross | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Flixbus Inc. Jeff an Individual last name not known | 23STCV06352 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* See Attachment

3. a. Party served *(specify name of party as shown on documents served):*
   Pierre Gourdian

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Desire Phillips (Authorized Agent)

4. Address where the party was served:
   440 N. Barranaca Ave. #8045 Covina, Ca. 91723

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 4-4-23　　　(2) at *(time):*  10:25AM
   b. ☐ **by substituted service.** On *(date):*　　　at *(time):*　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*　　　from *(city):*　　　**or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Dartanian Ross | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Flixbus Inc. Jeff an Indivdual last name not known | 23STCV06352 |

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:                                                    (2) from *(city)*:

(3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.   ☐   **by other means** *(specify means of service and authorizing code section):*

☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
a.   ☑   as an individual defendant.
b.   ☐   as the person sued under the fictitious name of *(specify):*
c.   ☐   as occupant.
d.   ☐   On behalf of *(specify):*
under the following Code of Civil Procedure section:

☐   416.10 (corporation)                                   ☐   415.95 (business organization, form unknown)
☐   416.20 (defunct corporation)                      ☐   416.60 (minor)
☐   416.30 (joint stock company/association)    ☐   416.70 (ward or conservatee)
☐   416.40 (association or partnership)             ☐   416.90 (authorized person)
☐   416.50 (public entity)                                   ☐   415.46 (occupant)
                                                                          ☐   other:

7.   **Person who served papers**
a.   Name: James Wimberly
b.   Address: 12414 Buttercup Way
c.   Telephone number: (909) 731-8994
d.   **The fee** for service was: $75.00
e.   I am:

(1)   ☐   not a registered California process server.
(2)   ☐   exempt from registration under Business and Professions Code section 22350(b).
(3)   ☑   a registered California process server:
(i)   ☐   owner   ☐   employee   ☑   independent contractor.
(ii)   Registration No.: 1581
(iii)   County: San Bernardino

8.   ☑   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.   ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 4-6-23

JAMES WIMBERLY
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                                   (SIGNATURE )

POS-040(D)

| SHORT TITLE:<br>Flixbus Inc. Jeff an indivdual last name unknown | CASE NUMBER:<br>23STCV06352 |
| --- | --- |

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED)**

*(This Attachment is for use with form POS-040)*

**The documents that were served are as follows** *(describe each document specifically):*

Notice of Case Assignment

Eighth Amended Standing Order

Voluntary Efficient Litigation Stipulations

Stipulation- Early Organizational Meeting

Stipulation - Discovery Resolution

Stipulation And Order - Motions In Limne

Order Pursuant to CCP 1054(a) Extending Time To Respond By 30 Days.

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED)
(Proof of Service)

Page ____ of ____

# EXHIBIT 3

1  Ian A. Rambarran, Bar No. 227366
   Bryan R. Delgado, Bar No. 330008
2  KLINEDINST PC
   801 K Street, Suite 2100
3  Sacramento, California 95814
   (916) 444-7573/FAX (916) 444-7544
4  irambarran@klinedinstlaw.com
   bdelgado@klinedinstlaw.com
5
6  Attorneys for FLIXBUS INC.

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/01/2023 2:19 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Tang, Deputy Clerk

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  DARTANIAN ROSS,                    Case No. 23STCV06352

12          Plaintiff,                 **ANSWER TO COMPLAINT**

13      v.

14  FLIXBUS INC., JEFF, LAST NAME      Dept.:        30
    UNKNOWN, and DOES 1-20,            Judge:        Hon. JILL FEENEY
15                                      Action Filed: March 22, 2023
            Defendant.                 Trial Date:   September 18, 2024
16

17          Defendant FLIXBUS INC. ("Defendant"), and for no other parties, hereby generally and

18  specifically denies and answer the unverified Complaint filed by Plaintiff DARTANIAN ROSS

19  ("Plaintiff") and each cause of action and allegations contained therein as follows:

20                          <u>**GENERAL DENIAL**</u>

21          Pursuant to the provisions of Code of Civil Procedure section 431.30(d), Defendant denies,

22  generally and specifically, in the conjunctive and disjunctive, each and every cause of action and

23  allegation contained in the Complaint, and the Complaint as a whole, and further generally and

24  specifically denies that Plaintiff has sustained any loss, injury, or damage as a proximate result of

25  any act, breach, or omission on the part of Defendant.

26  ///

27  ///

28  ///

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

                                    1

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

As a first, separate, affirmative defense, Defendant alleges that the Complaint, and each and every cause of action, or purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

As a second, separate, affirmative defense, Defendant alleges that Plaintiff failed to exercise ordinary and reasonable care on her own behalf, and was negligent in and about the matters alleged in the Complaint and in each purported cause of action alleged therein.  Plaintiff's negligence proximately caused, in whole or in part, the damages alleged in the Complaint, if any.  In the event Plaintiff is found to be entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiff, and any person whose negligent acts or omissions are imputed to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

As a third, separate, affirmative defense, Defendant alleges that Plaintiff, by his own acts and/or omissions, is estopped from recovering at all against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Alleged Damages Unforeseeable)

As a fourth, separate, affirmative defense, Defendant alleges that the damages claimed by Plaintiff, if any, could not reasonably be foreseen, and were not foreseen by Defendant, and are not the reasonable, probable consequences of any alleged acts or omissions attributable to Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

As a fifth, separate, affirmative defense, Defendant alleges that, at all times and places alleged in said Complaint, Plaintiff failed to exercise ordinary and reasonable care on his own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

the whole of, his own alleged injuries and damages, if any, and Plaintiff's recovery, therefore, should be barred or reduced according to law, up to and including the whole thereof.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

As a sixth, separate, affirmative defense, Defendant alleges that Plaintiff, by his own acts and/or omissions, has waived his right, if any, to recover against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a seventh, separate, affirmative defense, Defendant alleges that Plaintiff has failed to mitigate his damages, if any, in connection with the matters referred to in the Complaint and that such failure to mitigate bars and/or diminishes the Plaintiff's recovery, if any, against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Uncertainty)

As an eighth, separate, affirmative defense, Defendant alleges that the causes of action in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claims for damages against Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

As a ninth, separate, affirmative defense, Defendant alleges that the causes of action contained in the Complaint, and each of them, are barred by the doctrine of laches, in that Plaintiff has unreasonably delayed in bringing these claims, and said delays have prejudiced Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

As a tenth, separate, affirmative defense, Defendant alleges that, if Defendant is subjected to any liability by the Plaintiff, it will be due in whole or in part to the acts or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to an including the whole thereof.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As an eleventh, separate, affirmative defense, Defendant alleges that the Complaint, and each and every cause of action or purported cause of action contained therein, is barred by all applicable statutes of limitation, including but not limited to, Code of Civil Procedure sections 335.1, 337, 338, 339(1) and 343.

## TWELFTH AFFIRMATIVE DEFENSE

### (Defendant Exercised Reasonable Care)

As a twelfth, separate, affirmative defense, Defendant alleges that, at all times relevant herein, Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Obvious Danger)

As a thirteenth, separate, affirmative defense, Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for his own safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a fourteenth, separate, affirmative defense, Defendant alleges that, at all times herein mentioned, Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon his conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

/ / /

/ / /

/ / /

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Intervening Acts of Others)**

As a fifteenth, separate, affirmative defense, Defendant alleges that the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Notice)**

As a sixteenth, separate, affirmative defense, Defendant alleges that Defendant did not have either actual or constructive notice of the conditions, if any, which existed at the time and places mentioned in the Complaint, which conditions may have caused or contributed to the damages as alleged herein.  Said lack of notice prevented Defendant from undertaking any measures to protect against or warn of said conditions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

As a seventeenth, separate, affirmative defense, Defendant alleges that Plaintiff's Complaint is barred by the doctrines of res judicata or collateral estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As an eighteenth, separate, affirmative defense, Defendant alleges that, by reason of his conduct, Plaintiff is barred by the doctrine of unclean hands from taking any relief sought in Plaintiff's Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Indemnification, Contribution and/or Apportionment)**

As a nineteenth, separate, affirmative defense, Defendant alleges that, should Plaintiff recover damages from Defendant, then Defendant is entitled to indemnification, contribution, or apportionment, either in whole or in part, from persons or entities whose negligence and/or faults proximately contributed to Plaintiff's damages, if any.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

## TWENTIETH AFFIRMATIVE DEFENSE

### (Known, Visible Risk)

As a twentieth, separate, affirmative defense, Defendant alleges that Plaintiff is barred and estopped from recovery because any dangerous condition or issue, if any, was clearly visible and known to Plaintiff at the time of his alleged accident.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Causation)

As a twenty-first, separate, affirmative defense, Defendant alleges that the alleged breach of duty, if any, was not the proximate cause of any alleged damages suffered by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

As a twenty-second, separate, affirmative defense, Defendant alleges that people or entities other than this Defendant caused or contributed to the damages Plaintiff claims to have suffered. Therefore any award made in favor of the plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Consent by Plaintiff)

As a twenty-third, separate, affirmative defense, Defendant alleges that Plaintiff or the person insured by plaintiff agreed to, and participated in, those actions which plaintiff claims to have caused injury or damage. Since such participation and consent were given knowingly and voluntarily, plaintiff's claims are invalid.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Indispensable Parties)

As a twenty-fourth, separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred because Plaintiff fails to include indispensable parties.

/ / /

/ / /

ANSWER TO COMPLAINT

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Offset)

As a twenty-fifth, separate, affirmative defense, Defendant alleges that if Plaintiff has received or will receive monies or compensation from any sources other than Defendant, then Defendant is entitled to an offset against Plaintiff's recovery, if any, against Defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Collateral Sources)

As a twenty-sixth, separate, affirmative defense, Defendant alleges that it is entitled to a set-off reduction in any damages which may be awarded to Plaintiff for any amounts received from collateral sources.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Open and Obvious Condition)

As a twenty-seventh, separate, affirmative defense, Defendant alleges the damages the Plaintiff or the person insured by Plaintiff claims to have suffered were almost entirely caused by an event that occurred after the accident described in the complaint, thus this Defendant is not responsible for Plaintiff's claimed damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages

As a twenty-eighth, separate, affirmative defense, Defendant alleges that Plaintiff or the person insured by Plaintiff failed to take reasonable steps to minimize or prevent the damages Plaintiff claims to have suffered.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Several Liability for Non-Economic Damages)

As a twenty-ninth, separate, affirmative defense, Defendant alleges that Plaintiff's right to recovery, if any right exists, is reduced and limited to the percentage of negligence attributable to Defendant, if any, pursuant to section 1431.2 of the California Civil Code.

/ / /

/ / /

ANSWER TO COMPLAINT

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

## THIRTIETH AFFIRMATIVE DEFENSE

### (Active and Passive Conduct)

As a thirtieth, separate, affirmative defense, Defendant alleges that, if it is determined that Defendant was negligent, said negligence was secondary and passive, as contrasted with the active and primary negligence of the other parties to this lawsuit or other persons, including Plaintiff, and therefore, Plaintiff is not, as a matter of law, entitled to recovery from Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative and/or Equitable Indemnity)

As a thirty-first, separate, affirmative defense, Defendant alleges that the principles of comparative and equitable indemnity should be applied by this Court where appropriate, regardless of a cross-complaint requesting the same.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Duty)

As a thirty-second, separate, affirmative defense, Defendant alleges that Defendant did not owe Plaintiff a duty of care.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Breach)

As a thirty-third, separate, affirmative defense, Defendant alleges that Defendant did not breach any duty to Plaintiff.

Defendant alleges that Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize his claims, because Defendant does not have copies of certain documents bearing on Plaintiff's claims, and because of Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant, therefore, reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

WHEREFORE, Defendant prays for judgment against the Plaintiff as follows:

1.    That Plaintiff take nothing by way of his action;

2.    That Defendant be awarded costs of suit incurred herein; and

3.    For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant FLIXBUS INC. demands a jury trial for this matter.

KLINEDINST PC

DATED:  May 1, 2023                    By: _____
                                       Ian A. Rambarran
                                       Bryan R. Delgado
                                       Attorneys for FLIXBUS INC.

Answer (State Court) (Dartanian Ross v. FlixBus Inc.)(22524317.1)

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

**Dartanian Ross v Flixbus**
**Case No. 23STCV06352**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Sacramento, State of California.  My business address is 801 K Street, Suite 2100, Sacramento, California 95814.

On May 1, 2023, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Charles U. Odiase, Esq. | Tel:  (213) 925-9762 |
| ODIASE LAW GROUP | Email:  odiaselaw@gmail.com |
| 333 S. Grand Avenue, Suite 3310 | |
| Los Angeles, CA  90071 | Attorneys for Plaintiff |

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Klinedinst PC for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Sacramento, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address jwise@klinedinstlaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 1, 2023, at Sacramento, California.

_____
Joani L. Wise